## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cr-30018** |
| | ) | |
| **LADARIUS BROOMFIELD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Ladarius Broomfield's amended
Motion for Compassionate Release (d/e 215) requesting a reduction
in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).
For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On August 24, 2017, Defendant pleaded guilty to one count of
scheme to commit bank fraud in violation of 18 U.S.C. §§ 1344 and
2 (Count One), one count of conspiracy to commit bank fraud in
violation of 18 U.S.C. § 371 (Count Two), and one count of
aggravated identity theft in violation of 18 U.S.C. § 1028A (Count
Six). On January 22, 2018, the undersigned District Judge

sentenced Defendant to thirty-six months' imprisonment, consisting of twelve months' imprisonment on each of Counts One and Two to be served concurrently with each other and twenty-four months' imprisonment on Count Six to be served consecutively to the sentence imposed on Counts One and Two. A five-year term of supervised release was also imposed, consisting of five years on Count One, three years on Count Two, and one year on Count Six, all to be served concurrently with each other. Defendant is currently serving his sentence at the United States Penitentiary (USP), Canaan, in Waymart, Pennsylvania. Defendant's projected release date is September 18, 2020.

On April 24, 2020, Defendant filed a pro se motion for compassionate release (d/e 211) pursuant to 18 U.S.C. § 3582(c)(1)(A). On May 4, 2020, Defendant filed an amended motion for compassionate release with the assistance of counsel. Defendant requests compassionate release due to his health issues and the COVID-19 pandemic. Defendant is twenty-nine years old and suffers from high blood pressure.

Defendant proposes to live with his sister at her residence in Springfield, Illinois, if released. The United States Probation Office,

in a Memorandum (d/e 217) addressing Defendant's request for compassionate release, concludes that Defendant's sisters' house appears to be an acceptable living situation for Defendant. Probation's Memorandum also notes that Defendant has two active traffic warrants for failure to appear in Montgomery County, Illinois. The Memorandum also states that Defendant has been disciplined for two infractions while in the custody of the Bureau of Prisons (BOP) for giving or accepting money without authorization on May 14, 2018, and for possessing drugs and/or alcohol on October 10, 2018.

On May 1, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 214). In the Response, the Government argued that Defendant's Motion should be denied based on the Defendant's criminal history and his failure to exhaust his administrative remedies.

According to a Supplemental Response (d/e 216) filed by the Government on May 5, 2020, Defendant submitted a request for compassionate release to BOP on April 28, 2020. BOP denied the request on May 4, 2020. See Supplemental Resp. Ex. 1, d/e 216-1. In the Supplemental Response, the Government concedes that the

Court has jurisdiction to evaluate Defendant's request for compassionate release as Defendant's failure to exhaust his administrative remedies is no longer an issue in this case.

The Government also notes that USP Canaan has only one confirmed staff member case of COVID-19 and zero confirmed inmate cases. The Government further notes that BOP has implemented procedures designed to curb the spread of the virus in its facilities.

On May 6, 2020, the Court held a video conference hearing on Defendant's amended motion. As of May 6, 2020, BOP reports that USP Canaan has only one confirmed staff member case of COVID-19 and no confirmed inmate cases. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed May 6, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. §

3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  <u>See</u> First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Socially distancing can be difficult for individuals living or working in a prison. Further, Defendant suffers from high blood pressure, a condition that may increase the risks that COVID-19 presents for Defendant. See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed April 24, 2020).

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease. As of today, at USP Canaan, the facility where Defendant is housed, there is only one confirmed case staff member case of COVID-19 and zero confirmed inmate cases. According to the Government, the BOP has implemented rigorous procedures designed to prevent the virus from spreading through its facilities.

While the Court acknowledges that the offense for which Defendant is presently incarcerated did not involve violence, Defendant has a lengthy criminal history of violent offenses, including convictions for battery, aggravated battery, and domestic battery. Further, while Defendant has fewer than five months left on his sentence, he is serving that sentence at a BOP facility that, for now, appears to be managing to largely prevent the introduction of COVID-19 into the facility.

Finally, Defendant is twenty-nine years old, and while he has been diagnosed with high blood pressure, and has previously treated that condition with medication, he currently appears to be able to manage his blood pressure without medication. The BOP

medical records filed by the Government (d/e 218) reveal that Defendant's doctor discontinued Defendant's blood pressure medication on March 17, 2020, after Defendant reported that he had not taken the medication in months because Defendant felt he did not need the medication and he was exercising regularly. The Court also notes that the medical records show that Defendant was scheduled for a blood pressure check on April 27, 2020, but he did not show up for the appointment. It also appears from the medical records that Defendant may have previously been diagnosed with chronic viral hepatitis C. However, the most recent records concerning that condition—from October 2019—show that laboratory results found no detectable levels of hepatitis C RNA in a specimen provided by Defendant. Finally, the medical records report that Defendant is prediabetic, but his A1C levels have never tested above 6.0.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Ladarius Broomfield's amended Motion for Compassionate Release (d/e 215) and Defendant's pro se Motion for Compassionate Release (d/e 211) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.


ENTER:  May 6, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE